**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X

                                   **Case No. 25-40078-JMM**

**In re:**

        **Surf 9 LLC,**                            **Chapter 11**

                **Debtor.**

----------------------------------------------------------X

## NOTICE OF APPEAL

        Notice is hereby given that Olden Group LLC (the "Appellant") appeals under 28 U.S.C. § 158(d) and FRBP 8002 (a) from the judgment, order, oral and or written by Hon. Jil Mazer-Marino of the bankruptcy court, dated January 19, 2026 (Order), rejecting the License Agreement, lifting the automatic stay and from all parts of the Order as well as the oral decision by the Court held prior and or relied and incorporated by the said Order.

        The Appellant appeals the underlying Opinion and Order thereto and from every portion thereof, both on procedural and substantive basis. The name of all parties to the judgment, Order or decree appealed from and the names, addresses, emails and telephone numbers of their respective attorney are attached hereto.

Appellant: Olden Group LLC
Represented by Karamvir Dahiya
111 John Street Suite 1860
New York NY 10038
Tel: 212 766 8000
Email: karam@dahiya.law

Appellee: Body Glove IP Holdings, LP
Samuel D. Levy
Martin S. Krezalek
BLANK ROME LLP
1271 Avenue of the Americas
New York, New York 10020
Samuel.Levy@BlankRome.com
Martin.Krezalek@BlankRome.com
212 885-5000

Surf 9 LLC
J Ted Donovan
Goldberg Weprin Finkel Goldstein LLP
Goldberg Weprin Finkel Goldstein LLC
125 Park Avenue
Ste 12th Floor
New York, NY 10017
212-221-5700
Email: Tdonovan@gwfglaw.com

Dated: February 2, 2026
New York, NY                                                  */s/karamvir dahiya*
                                                       Karamvir Dahiya for the Appellant

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re:

Surf 9 LLC,

Debtor.

Chapter 11
Case No. 25-40078-JMM

## ORDER GRANTING MOTION OF BODY GLOVE IP HOLDINGS, LP FOR ENTRY OF AN ORDER (I) DEEMING THE LICENSE AGREEMENT REJECTED AND TERMINATED, AND (II) <u>FOR RELIEF FROM THE AUTOMATIC STAY, AND RELATED RELIEF</u>

Upon the motion (Dkt. No. 99) (the "**Licensor Motion**") of Body Glove IP Holdings, LP ("**Licensor**") for an order, deeming the License Agreement rejected, pursuant to 11 U.S.C. § 365, and terminated and, granting relief from the automatic stay, pursuant to 11 U.S.C. § 362; and the Debtor having filed an opposition thereto (Dkt. No. 108), which was joined by Olden Group LLC ("**Olden Group**") (Dkt. No. 143); and upon the Debtor filing its Motion to Assume License Agreement with Body Glove IP Holdings, LP (Dkt. No. 152) (the "**Debtor Motion**"), which is supported by Olden Group and opposed by Licensor (Dkt. No. 155); and the Court having entered its Scheduling Order setting certain discovery dates and an evidentiary hearing on January 7-8, 2026; and upon the request of the Licensor (Dkt. No. 163), the Court conducted a discovery conference on December 30, 2025, at which time the Court ordered that Olden Group had until 11:30 a.m. on January 2, 2026, to wire $1.4 million in cash into an escrow account (the "**Escrow Amount**") with Klestadt Winters Jureller Southard & Stevens, LLP to offer evidence that the Debtor, with the support of Olden Group, may be able to promptly cure monetary defaults under the License Agreement, in an amount and on such terms as determined by the Court; and the Court having held a continued discovery conference on January 2, 2026, at which conference, among

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Licensor Motion.

other things, (i) Olden Group had not funded such Escrow Amount, (ii) Olden Group informed the Court that it was in the process of imminently obtaining an investor to fund a $1.3 million investment (i.e., an amount less than required Escrow Amount), (iii) the Debtor withdrew the Debtor Motion, and (iv) the Court directed the parties to submit an order rejecting the License Agreement; and upon the hearings to consider the Licensor Motion and the Debtor Motion, including on January 8, 2026, the record made at the December 30, 2025 and January 2, 2026 discovery conferences, and all prior pleadings and proceedings herein, and after due deliberation, sufficient cause exists to grant the Licensor Motion to the extent set forth herein; and no previous application for relief sought having been made except as set forth herein; and sufficient cause appearing therefor; it is hereby

ORDERED, that the Licensor Motion is granted to the extent set forth herein; and it is further

ORDERED, that the License Agreement is rejected pursuant to 11 U.S.C. § 365(a) and the Debtor is in breach of such License Agreement within the meaning of 11 U.S.C. § 365(g); and it is further

ORDERED, that the automatic stay imposed pursuant 11 U.S.C. § 362 is hereby lifted to the extent necessary to permit the Licensor to effectuate the termination of the License Agreement and any and all other rights and remedies under the License Agreement; and it is further

ORDERED, that the Debtor's right to sell off inventory and use the Licensor's marks, and its obligations, including the payment of royalties, shall be governed by the terms and conditions of the License Agreement; and it is further

ORDERED, that notwithstanding rejection of the License Agreement, nothing herein shall be deemed to limit, waive, or otherwise affect any rights, remedies or claims that a party to the License Agreement may have under the License Agreement; and it is further

~~ORDERED, that the 14-day stay under Bankruptcy Rule 4001 is hereby waived and this Order shall immediately be effective upon its entry; and it is further~~ **(JMM)**

ORDERED, that Licensor is hereby permitted to take all actions necessary to carry out the relief granted in this Order; and it is further

ORDERED, that this Court retains exclusive jurisdiction to enforce this Order and to hear and determine all matters arising from, or a consequence of, the rejection of the License Agreement.

Dated: January 19, 2026
     Brooklyn, New York



_____
Jil Mazer-Marino
United States Bankruptcy Judge

# Notice Recipients

District/Off: 0207−1                     User: admin                        Date Created: 2/2/2026

Case: 1−25−40078−jmm                     Form ID: pdf000                    Total: 5


**Recipients of Notice of Electronic Filing:**

ust          Office of the United States Trustee          USTPRegion02.BR.ECF@usdoj.gov
aty          J Ted Donovan          Tdonovan@gwfglaw.com
aty          Karamvir Dahiya          karam@dahiya.law

TOTAL: 3


**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

10443767     Body Glove IP Holdings LP          c/o Martin S. Krezalek, Esq.          Blank Rome LLP          1271 Avenue of the
             Americas, Ste 15th          New York, NY 10020
             Body Glove IP Holdings, LP          c/o BLANK ROME LLP          1271 Avenue of the Americas          New York,
             New York 10020          Attn: Samuel D. Levy

TOTAL: 2